IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>GENE JOHN KLAMERT,<br><br>Defendant. | CR 22-78-BLG-SPW<br><br>ORDER |

On January 18, 2023, Defendant Gene John Klamert pled guilty to mail fraud. (Doc. 46). On June 28, 2023, the Court sentenced Klamert to a term of four years' probation. (Docs. 65, 66). The Judgment included a $35,000 fine, a $100 special assessment, and an order of $143,714.53 in restitution.

On January 27, 2025, Klamert filed a motion seeking early termination of his probation. (Doc. 74). Klamert has served more than one year of his probation, paid off his fine, restitution, and special assessment, and otherwise has not violated the terms of the probation. (Doc. 75 at 2). Klamert represents that his probation officer supports early termination. (*Id.*).

The Government opposes early termination of Klamert's probation because the Court granted Klamert's leniency request by sentencing him to probation and there is no reason to grant further leniency by terminating his probation early. (Doc. 76). The Government emphasizes that Klamert provides no specific reason

for wanting or needing to terminate his supervision. (*Id.* at 6). Further, he only has two remaining special conditions which do not pose a significant burden. (*Id.*). Finally, the Government proposes that Klamert should not be "rewarded with a reduced sentence" because of the severity of his crime, namely that he served as the "mastermind of the fraud scheme." (*Id.* at 7).

"[A]fter considering a subset of the sentencing factors set forth in 18 U.S.C. § 3553(a), a court may terminate a term of supervised release 'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (quoting 18 U.S.C. § 3583(e)(1)). The § 3553(a) factors include: the nature and circumstances of the offense; the history and characteristics of the defendant; the need to afford adequate deterrence to criminal conduct; the need to protect the public from further crimes of the defendant; the need to provide the defendant with needed educational or vocational training, medical care or other correction treatment in the most effective manner; the advisory Guideline range; any pertinent policy statement issued by the Sentencing Commission; sentencing disparities; and any outstanding restitution obligations. The Court retains wide discretion in determining whether to terminate a defendant's supervised release early. *Emmett*, 749 F.3d at 819.

In light of the § 3553(a) factors, the Court agrees with the Government that the early termination of Klamert's probation is inappropriate. Klamert was given

2

leniency at sentencing when he received no prison time and four years of probation. Klamert was afforded a break at sentencing, and the Court does not see any compelling reason to give Klamert further leniency. Given the serious nature of the offense and the lenient sentence, Klmaert must complete his entire probationary sentence.

Though the Court lauds Klamert for his compliance with the terms of his probation, the seriousness of the offense and the leniency he received at his original sentencing justify continued supervision.

Accordingly, IT IS HEREBY ORDERED that Klamert's motion for early termination of probation (Doc. 74) is DENIED.

DATED this 31st day of January, 2025.

SUSAN P. WATTERS
United States District Judge